*591 GREMILLION, Judge,
dissenting.
[ )I respectfully dissent from the opinion of the majority. I agree completely that arbitration agreements are and should be favored by law. It is also true that federal law preempts state law on the enforceability of arbitration agreements. However, the real issue in this case has nothing to do with either the merit or enforceability of a arbitration agreement in general. Rather, the issue here is whether an arbitration agreement existed in the first place. I am convinced that it did not.
I can certainly find no fault with majority’s reliance on the Supreme Court case of Aguillard v. Auction Management Corp., 04-2804 (La.6/29/05), 908 So.2d 1. This case has clearly become seminal in the area of arbitration agreements. However, even under Aguillard, the court should ask “whether a valid arbitration agreement exists.” NCO Portfolio Management, Inc. v. Gougisha, 07-604, p. 8 (La.App. 5 Cir. 4/29/08), 985 So.2d 731, 735, writ denied, 08-1146 (La.9/26/08), 992 So.2d 986.
Here, J & J presented Ms. Vidrine with a standard-form termite damage report. The trial court as well as the majority was clearly moved by the clarity of the arbitration clause found in that report. I agree, that the arbitration clause, itself, was clear and unambiguous.
However, the document provided to the plaintiff contained more than just an arbitration clause. It contained two signature blocks for Ms. Vidrine.
Ms. Vidrine was to sign the first signa-toe block to indicate that she received |2the report. She did, in fact, sign that block, thereby acknowledging receipt of the report. The majority simply stops its examination of the contract at this point as if nothing follows.
If there was nothing after this first signature block, I would completely agree with the majority’s opinion that J & J could rely on that signature “as demonstration of her consent to the report.” There is, however, more to this contract.
There is a second signature block. Where the first signature merely acknowledges receipt, the second signature block does much more. As the document itself indicates, signing it would have memorialized Ms. Vidrine’s agreement “to the terms and conditions” of the contract. That brings us to the singular, critical fact in this analysis: Ms. Vidrine did not sign this second signature block.
There are four important Civil Code articles at play here. The first is La.Civ. Code art. 1947 which provides that when, as is the case here, there is “an absence of a legal requirement,” and “the parties have contemplated a certain form, it is presumed that they do not intend to be bound until a contract is executed in that form.” In this case, it is abundantly clear that the parties did contemplate a certain form: a one-page document requiring Ms. Vidrine to sign once to acknowledge receipt and a second time to confirm her agreement to the “terms and conditions” of the contract. Accordingly, the majority should have presumed that Ms. Vidrine did not intend to be bound to the terms and conditions of that contract.
Next, La.Civ.Code art. 2049 says that every part of a contract “must be interpreted with a meaning that renders it effective and not with one that renders it ineffective.” Here, the majority does not merely render the second signature block ineffective; rather, it ignores it completely.
The very next Civil Code article, 2050, reads in its entirety as follows:
| :i“Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.”
*592 If I may be indulged a colloquialism, this is provision is where the rubber meets the road. Had the majority interpreted each provision of the contract in light of the others, logic would have forced it to conclude that the first signed signature block was merely to acknowledge receipt and the second signature block was to confirm consent to the arbitration clause, as well as all of the other terms and conditions of the agreement. However, the majority chose to simply disregard the second — and more important — signature line.
I see absolutely no ambiguity here. The parties clearly contemplated that Ms. Vid-rine would sign once to acknowledge receipt of the form. This she did. She would sign a second time to “agree to the terms and conditions” of the contract. This she simply did not do.
Despite the simplicity and the clarity of these facts, let us assume for the sake of argument that we are left with what by La.Civ.Code art. 2056 describes as a “case of doubt.” In such an instance, the code provides that the contract must be interpreted against J & J because it “furnished the text,” and because the contract was J & J’s “standard-form.” La.Civ.Code art. 2056. In other words, any ambiguity as to the meaning of a contract must be eliminated by interpreting the contract against the party who prepared it. Sabine Construction Co., Inc. v. Cameron Sewerage District No. 1, 298 So.2d 319 (La.App. 3 Cir.1974).
As the Aguillard court affirmed, a signature on a contract means something and it should not be ignored. Aguillard, 908 So.2d 1, 22. It must, therefore, be true, for even a greater reason, that the absence of a signature means something.
The arbitration clause in this contract is clear, and it is favored by both state Land federal law. However, in this case, the plaintiff did not agree to it. I, therefore, would have respectfully reversed the trial court’s ruling and denied the exception of prematurity.